IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 136,<br><br>　　　Plaintiff,<br><br>v.<br><br>ARAB ELECTRIC COOPERATIVE, INC.,<br><br>　　　Defendant. | ]<br>]<br>]<br>]<br>]  CV-04-BE-1077-E<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This case is before the court on cross-motions for summary judgment. Defendant Arab Electric Cooperative, Inc. filed a motion for summary judgment (doc. # 15), a brief in support of the motion for summary judgment (doc. # 16), and supporting evidentiary materials (doc. # 17). Similarly, plaintiff Local 136 International Brotherhood of Electrical Workers ("Union") filed a motion for summary judgment (doc. # 12), a brief in support of the motion for summary judgment (doc. # 13), and supporting evidentiary materials (doc. # 14).

The court has considered the parties' briefs and evidentiary submissions within the applicable standard of review. For the reasons stated below, the court finds that the plaintiff's motion for summary judgment (doc. # 12) is due to be GRANTED and this case remanded to arbitration for clarification of what the court considers to be an ambiguous arbitration award.

1

Accordingly, the defendant's motion for summary judgment (doc. # 15) is due to be DENIED.

The motions for summary judgment arise from an arbitration dispute between the Union and the Arab Electric Cooperative regarding the interpretation of a February 1, 2004 arbitration award. The plaintiff and the defendant are parties to a collective bargaining agreement that covers the terms and conditions of Union members employed at the defendant's electrical cooperative. Article III of the collective bargaining agreement establishes a four-step grievance procedure for the settlement of disputes between Local 136 union members and the defendant that culminates in final and binding arbitration.

On January 31, 2003, the defendant discharged union employee Ronnie Jones who was a lineman and was in the bargaining unit represented by Local 136. Jones was charged with violating a safety rule, insubordination, and making inappropriate comments to his supervisor while in the presence of a customer. The Union filed a grievance regarding Jones' discharge, and when the matter could not be settled in the initial stages of the grievance procedure, the grievance was referred to arbitration.

An arbitration hearing was held on November 13, 2003. On February 1, 2004, the arbitrator issued the following award: "The grievance is hereby upheld, the grievant should be reinstated without any back pay." The defendant reinstated Jones to his job as a lineman without backpay. However, Jones raised the questions of whether, under the arbitrator's award, he is entitled to any vacation or sick leave that accrued pending resolution of the grievance procedure and whether he was entitled to count the period that he was off work[1] in computing his seniority

---

[1] From January 23, 2003 thru February 1, 2004.

service.

The defendant took the position it would not credit Jones with accrued vacation or sick leave, nor for any seniority service credit, for the period he was out of work pending the resolution of the grievance. The defendant also refused to agree to ask the arbitrator for a clarification of his award with respect to the above-referenced issues. Thereafter, the Union filed this lawsuit pursuant to The Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), asking the court to order the defendant to either abide by the arbitrator's award and credit Jones with sick leave, annual and seniority service, or refer the case back to arbitration for clarification of the award.

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases when no genuine issues of material fact are presented and when the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The parties' disagreement on each and every fact is not significant; the law requires only that "there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See also Celotex v. Catrett,* 477 U.S. 317, 327 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 251-52. Mere speculation is insufficient to create an issue of fact and defeat a properly-supported motion for summary judgment. *See Ramsey v. Leath*, 706 F.2d 1166, 1169-70 (11th Cir. 1983).

## II. DISCUSSION

In its motion for summary judgment, the defendant argues that the language of the arbitration award is unambiguous and that the Co-op has fully complied with the terms of the

3

award by reinstating Jones to his position as a lineman. According to the defendant, the arbitrator decided the precise issue presented to him (i.e., Jones' reinstatement) and, in an exercise of his discretionary authority, ordered reinstatement without backpay.[2] Relying on the deference that courts typically give to arbitration awards, the Co-op argues that the court has no authority to remand what it characterizes as an unambiguous arbitration award. *See Steelworkers v. Enter. Wheel & Car Corp.,* 363 U.S. 593, 596 (1960) (holding that federal policy of settling labor disputes by arbitration would be undermined if courts had the ability to judicially review the merits of the award).

In stark contrast, the plaintiff argues that the courts have always had the discretionary authority to remand ambiguous arbitration awards to federal courts for clarification. According to the Union, the arbitration award at issue in this case is patently ambiguous because it can be interpreted in a variety of ways. For example, the Union argues that the arbitrator could have simply failed to consider Jones' entitlement to accrued annual leave, and thus, the award's silence on the benefits at issue in this lawsuit could have simply been an omission instead of a determination that Jones was only entitled to backpay.

The parties agree that the facts of this case are undisputed. Instead, at issue is the purely legal determination of whether the arbitrator's February 1, 2004 award is ambiguous. Specifically, whether, by indicating that the Jones was entitled to backpay, the arbitrator meant to foreclose the possibility that plaintiff was entitled to the relief he seeks in this lawsuit.

Courts cannot usurp the functions of the arbitrator by reviewing the merits of the award or

---

[2]*See* doc. # 16, p. 9-10.

construing its meaning.  *See Am. Fed'n of State, County & Municipal Employees v. Walker County Med. Ctr.,* 715 F.2d 1517, 1518 (11th Cir. 1983) (citing *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 596 (1960)).  However, a remand to resolve an ambiguity does not "constitute a judicial invasion of the arbitrators' province but rather serve[s] to give the parties what they bargained for--a clear decision from the arbitrators." *Lanier v. Old Republic Ins. Co.*, 936 F. Supp. 839, 845 (M.D. Ala. 1996) (internal citations omitted).

      In the Eleventh Circuit, the definition of ambiguity depends on whether the language in an arbitrator's award can be interpreted in a variety of ways.  *See Am. Fed'n*, 715 F.2d at 1519 (holding that the normal course of action is for the district court to remand the matter to the original arbitrator for clarification).  Other circuits define ambiguity in a similar fashion.  *See Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Silver State Disposal Serv., Inc.*, 109 F.3d 1409, 1411 (9th Cir. 1997) (reasoning that an award that fails to address a contingency that has arisen after the award was made is incomplete and unclear, and thus, deemed ambiguous); *La Vale Plaza, Inc. v. R.S. Noonan, Inc*., 378 F.2d 569, 573 (3rd Cir. 1969) (holding that an arbitration award is ambiguous when the award, although incomplete on its face, leaves doubt about whether the matters submitted to arbitration have been fully adjudicated).

      Furthermore, and perhaps more importantly given the facts of this case, the Eleventh Circuit has sanctioned the remand of a case to arbitration "when necessary to assure that the parties were getting the informed decision of the arbitrator for which they had bargained." *Lanier,* 936 F. Supp. at 845 (citing *United  Steelworkers v. W.C. Bradley Co.*, 551 F.2d 72 (5th Cir. 1977)).

The court agrees with the Union that the arbitration award at issue in this case is ambiguous. Specifically, its silence on the issue of whether Jones is entitled to the relief he requests in this lawsuit raises two distinct possibilities: (1) that the arbitrator considered the issue of whether Jones was entitled to additional relief, and decided only to award him backpay; or (2) that the arbitrator simply did not consider whether Jones was entitled to the relief he requests in this lawsuit. Precisely because the arbitration award at issue in this case is capable of being interpreted in a variety of ways and fails to address a contingency arising after the entry of the award, the court finds that remanding this matter to arbitration is necessary to assure that the parties receive the informed decision of the arbitrator for which they bargained.

Based on the foregoing analysis, the court finds that the plaintiff's motion for summary judgment (doc. # 12) is due to be GRANTED and this case remanded to arbitration for clarification of whether Jones is entitled to any vacation or sick leave that accrued pending resolution of the grievance procedure and whether he is entitled to count the period that he was off work in computing his seniority service. The court further finds that the defendant's motion for summary judgment (doc. # 15) is due to be DENIED. Accordingly, this case is due to be DISMISSED with prejudice as a matter of law pursuant to Fed. R. Civ. P. 56.

A separate order will be entered simultaneously with this Memorandum Opinion.

DONE and ORDERED this 27th day of September, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE